[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This memorandum determines whether the economic loss doctrine ought to bar the plaintiffs, Dobco, Inc. and AAC, from continuing to pursue claims of negligence against the defendant in addition to a cause of action for breach of contract for deficient performance of the contract terms. The defendant failed to raise this issue previously, however, the parties' joint trial management report notes this issue. The court feels constrained to resolve this question before the taking of evidence so that it might cogently rule on evidentiary questions regarding materiality and properly instruct the jury on the law pertinent to this case. see Practice Book § 15-1.
The economic loss doctrine is a judicially created principle which prohibits recovery in tort when the basis for that tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personal injury or property damage. Morganti N. v.Greenwich Hospital, Superior Court, Waterbury J.D. d.n. X06 CV99 0160125S (September 27, 2001), McWeeny, J. This doctrine has never been expressly accepted or rejected by our appellate tribunals. Some trial courts have refused to recognize the doctrine, in whole or in part, while other trial level decisions have applied the rule in whole or in particular factual situations. see e.g. Reynolds, Pearson Co. v. Miglietta, Superior Court, Hartford J.D., d.n. CV00 0801247S (March 27, 2001), Berger, J.;Worldwide Preservation v. Ivth Shea, Superior Court, Stamford J.D., d.n. X05 CV98 0167154S (February 1, 2001), Tierney, J.; RCD-Hudson v. T.A.T.Mason Enterprises, Superior Court, Hartford J.D., d.n. CV00 0598478S (January 17, 2001), Beach, J.; Scap Motors v. Pevco SystemsInternational, Superior Court, Fafrfield J.D., d.n. CV 0348461S, (August 12, 1999), Melville, J.; and UOP v. Andersen Consulting, Superior Court, Stamford J.D., d.n. CV95 0145753S, (April 24, 1997), Lewis, J.
It appears to this court that an unarticulated premise behind the economic loss doctrine is, that while one has a common law duty, independent of any contract, to avoid causing physical harm to persons or property, there exists no similar common law duty to avoid causing purely economic loss to another. For example, one may open a business which siphons customers away from a competitor causing economic loss to that competitor or creates traffic congestion which lowers the property value of a neighboring residence, and yet no common law action for negligence or intentional tort would lie merely because purely economic loss occurred. The common law duty to avoid causing purely economic loss arises only in the context of a breach of contract. Because no duty to refrain from activity which results in mere economic injury attaches, but CT Page 6456 for the existence of a contract, the injured party is limited to contractual remedies.
This court anticipates that our appellate jurisprudence will recognize the economic loss doctrine at least in limited circumstances. The doctrine may only surface where the tort claim arises from the failure to satisfy a contract provision. It appears inapplicable where the tortious conduct lies in the making of the contract such as where fraud or misrepresentation to induce a party to contract is alleged or where a special status, such as a fiduciary relationship is created by the contract as in legal malpractice claims or in employment cases.D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206 (1987).
Where the plaintiff asserts a negligence claim which is solely based on economic loss stemming from a violation of the terms of an ordinary contract, no separate negligence claim may stand. In Flagg EnergyDevelopment Corp. v. G.M.C., 244 Conn. 126 (1998), our Supreme Court held that economic losses arising from the defective performance of a contract for the sale of goods are compensable only through breach of contract and not by way of tort claims. Id., 153. While not specifically recognizing the economic loss doctrine in full, that Court cited an oft-noted basis for the doctrine which is that commonly the parties are commercial entities and "sophisticated corporations familiar with the type of services rendered, and the consequences . . . likely to result from a failure to perform the contract as promised." Id. Such parties are free to negotiate agreements which allocate the risks, insure against potential losses, and adjust the contract price accordingly. Id., 154.
A second basis for recognition of the economic loss doctrine is that allowing tort claims for what is essentially a breach of contract would cause tort law to swallow up the body of common law surrounding contracts, including the appropriate measure of damages. Because virtually every breach of contract is the result of intentional or negligent conduct which could be classified as one tort or another, breach of contract law would be rendered superfluous.
In the present case, the plaintiffs' allegations are that the defendant contracted with Dobco, a subcontractor of AAC, to monitor Dobco's asbestos removal and cleanup at a particular site; that the defendant breached that contractual duty by negligently informing Dobco that the cleanup was sufficiently completed to warrant the disassembly of asbestos removal protective enclosures and equipment; that subsequent examination by the state health department inspectors revealed the presence of asbestos residue which required additional removal; and that Dobco, and derivatively AAC, sustained economic losses for the cost of reconstruction of the protective enclosures and hiring additional workers CT Page 6457 to finish the cleanup in a timely manner. Thus, in this case, the plaintiffs' negligence claims are based entirely on the added pecuniary expenses allegedly incurred because of the defendant's breach of its duties under the contract.
The court holds that the plaintiffs' recovery, if any, is defined by the terms of the contract and contract law by virtue of the economic loss doctrine. Therefore, the plaintiffs may proceed to trial only as to the breach of contract claim.
Sferrazza, J.